# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| **THE SECURITY NATIONAL BANK OF SIOUX CITY, IOWA**, as conservator for J.M.K., a Minor,<br><br>PLAINTIFF,<br><br>v.<br><br>**ABBOTT LABORATORIES,**<br><br>DEFENDANT | **Case No. 5:11-cv-04017-DEO**<br><br>**ABBOTT LABORATORIES' REPLY IN SUPPORT OF ITS MOTION TO STRIKE MEGAN SURBER'S SEPTEMBER 19, 2012 AFFIDAVIT** |

## TABLE OF CONTENTS

        **Page**

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................... 2

I.    THE AFFIDAVIT DOES NOT RAISE ANY NEW MATTERS NOT ALREADY ADDRESSED BY MS. SURBER'S DEPOSITION AND PRIOR ADMISSIONS ......... 2

II.   THE AFFIDAVIT DOES NOT PURPORT TO EXPLAIN ANYTHING "VAGUE" IN THE RECORD; IT DIRECTLY CONTRADICTS CLEAR EVIDENCE ................................................................................................................. 3

III.  THERE IS NO EVIDENCE OF CONFUSION NECESSARY TO JUSTIFY THE SUBMISSION OF A CONTRADICTORY AFFIDAVIT ................................. 4

CONCLUSION ................................................................................................................ 5

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Bailey v. United Airlines*,
   279 F.3d 194 (3d Cir. 2002)................................................................................................5

*Bass v. City of Sioux Falls*,
   232 F.3d 615 (8th Cir. 1999) ...............................................................................................1

*Camfield Tires, Inc. v. Michelin Tire Corp.*,
   719 F.2d 1361 (8th Cir. 1983) .................................................................................... *passim*

*City of St. Joseph, Missouri v. Southwestern Bell Telephone*,
   439 F.3d 468 (8th Cir. 2006) .......................................................................................1, 3, 5

*Cole v. Homier Distrib. Co., Inc.*,
   599 F.3d 856 (8th Cir. 2012) ...............................................................................................4

*Marathon Ashland Petroleum, LLC v. Int'l Bhd. of Teamsters*,
   300 F.3d 945 (8th Cir. 2002) ...............................................................................................4

*Office Supply Co. v. Basic/Four Corp.*,
   538 F. Supp. 776 (E.D. Wis. 1982).................................................................................2, 3

*Popoalii v. Correctional Med. Servs.*,
   512 F.3d 488 (8th Cir. 2008) ...............................................................................................3

*Uhiren v. Bristol-Meyers Squibb Co.*,
   346 F.3d 824 (8th Cir. 2003) ...........................................................................................1, 5

## INTRODUCTION

Plaintiff's resistance does not contest long-established Eighth Circuit law establishing that an attempt to create a factual issue for the purpose of defeating summary judgment through the submission of a subsequent, contradictory affidavit "is clearly precluded." *Uhiren v. Bristol-Meyers Squibb Co.*, 346 F.3d 824, 829 (8th Cir. 2003); *see* Opp. Br. at 14 (citing *Bass v. City of Sioux Falls*, 232 F.3d 615, 618 (8th Cir. 1999) (a party should not be allowed to create an issue by "contradicting his own earlier testimony . . . [and] a district court may grant summary judgment where a party's sudden and unexplained revision of testimony creates an issue of fact where none existed before"); *City of St. Joseph, Missouri v. Southwestern Bell Telephone*, 439 F.3d 468, 475-76 (8th Cir. 2006) (affirming district court's decision striking plaintiff's witness's affidavit and granting defendant summary judgment where the affidavit contradicted the witness's prior deposition testimony and emails)). Instead, it attempts to justify Ms. Surber's contradictory affidavit by referencing certain "narrow circumstances" when courts may consider a supplemental affidavit, such as raising "a new matter" not covered in a prior deposition, explaining vague aspects of deposition testimony, or remedying confusion at the deposition. *See Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361, 1364-65 (8th Cir. 1983). The record evidence, however, proves that none of these narrow circumstances exists here. Ms. Surber's affidavit contradicts her previous, unambiguous deposition testimony and statements to J.K.'s treating physicians and family about the timing of her feedings and onset of symptoms. The affidavit was interposed simply to negate the sworn testimony and medical record evidence and should thus be stricken pursuant to Eighth Circuit law.

# ARGUMENT

## I. THE AFFIDAVIT DOES NOT RAISE ANY NEW MATTERS NOT ALREADY ADDRESSED BY MS. SURBER'S DEPOSITION AND PRIOR ADMISSIONS.

Plaintiff's resistance suggests that Ms Surber's affidavit was needed to provide plaintiff's expert with information "not covered in the deposition: events occurring from 9:00 p.m. until after the 4:00 a.m. feeding."[1] But the suggestion is belied by the very deposition passages excerpted in plaintiff's brief. The first paragraph of the affidavit purports to cover J.K.'s feedings and behavior between 9:00 p.m. on April 23 and 8:30 a.m. on April 24, 2008. (*See* Ex. I to Dkt. #99.) The second paragraph then purports to chronicle the events of the morning and afternoon of April 24 prior to J.K.'s admission to St. Luke's Regional Medical Center. (*Id.*) These <u>two brief paragraphs</u> address the very same topics of examination that span <u>18 pages</u> of excerpted deposition testimony, including the time of J.K.'s feedings, her behavior before and after the feedings, the progression of her symptoms from the evening of April 23 through the early morning hours of April 24, 2008, and Ms. Surber's description of J.K.'s progressing symptoms prior to her hospital admission on April 24. (*See* Ex. N to Dkt. #101 at 292-309.) Because the affidavit addresses the same topics of Ms. Surber's deposition testimony (and similar admissions to J.K.'s medical providers and family members), it does not satisfy the "raising new matter" test that is required before a supplemental affidavit in opposition to summary judgment may be considered. *See Camfield Tires*, 719 F.2d at 1364-65 (ruling that an affidavit covering topics identical to the affiant's prior deposition and which contradicted such prior testimony failed to raise genuine issues of fact capable of withstanding summary judgment); *see also Office Supply Co. v. Basic/Four Corp.*, 538 F. Supp. 776, 785-86 (E.D. Wis.

---

[1] Tellingly, plaintiff provides no evidentiary support for the claim that its medical expert needed or even requested additional information regarding the events of the night of April 23-24, 2008. To the contrary, the record establishes that plaintiff's counsel instructed the expert to rely only on the affidavit and so she failed even to consider Ms. Surber's prior sworn testimony or the medical record evidence. (Ex. M to Dkt. #99 at ¶ 283.)

1982) (finding that a plaintiff who was cross-examined at length on the relevant subject at deposition could not complain of a lack of access to material facts and did not put forth new evidence in a subsequent affidavit covering the same subject).

## II. THE AFFIDAVIT DOES NOT PURPORT TO EXPLAIN ANYTHING "VAGUE" IN THE RECORD; IT DIRECTLY CONTRADICTS CLEAR EVIDENCE.

There is also nothing "vague" about Ms. Surber's deposition testimony and prior statements to J.K.'s treating physicians that would require the submission of a supplemental affidavit to change what was a very irregular night for the child into a normal one. *See Camfield Tires*, 719 F.2d at 1364-65. Here, the very materials excerpted by plaintiff's resistance clearly establish that the night of April 23-24 was anything but "routine" for J.K. and her mother, with all of the following abnormal events occurring in short succession:

- J.K.'s mother calling J.K.'s grandmother at 9:00 p.m. because she was nervous that J.K. had been "crying and crying/crying a lot" (Opp. Br. at 6, 9-10, 12);

- J.K.'s fussiness and irritability increasing during the course of the night, with J.K. "getting really, really off the wall whiny between 4:00 and 9:00 in the morning" of April 24, 2008 (*id.* at 7); and

- Megan Surber reporting that J.K. was "fussier than normal" and had "not been eating as well as normal" since April 23, 2008 to three separate treating physicians[2] (*id.* at 13, *see also id.* at 9 ("On April 23rd, J.M.K. was fed her first bottle from the Similac Neosure PIF (from St. Luke's)[;] after that time, her parents had difficulty feeding her.")).

---

[2] Plaintiff argues that Ms. Surber's original statements to three different treating physicians identifying J.K. as "fussier <u>than normal</u>" and "not eating as well <u>as normal</u>" beginning on April 23, 2008 are "vague" and present only a small difference with her affidavit testimony. Not so. These contemporaneous statements to J.K.'s medical providers directly contradict Ms. Surber's new account that J.K.'s behavior remained "routine" and unchanged prior to 8:30 a.m. on April 24, 2008. This contradiction also provides a basis to strike the affidavit. *See City of St. Joseph*, 439 F.3d at 476 (evaluating witness's statements in prior email communications when assessing the inconsistency of a subsequent affidavit); *see also Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (affirming trial court's decision striking expert's supplemental affidavit where it conflicted with statements made in the expert's report and deposition testimony).

3

None of these statements is "vague": they all indicate that J.K. was acting abnormally well before her 8:30 a.m. feeding on April 24, 2008.[3] Yet, Ms. Surber's after-the-fact affidavit directly contradicts all of this record evidence, now claiming that the "evening of April 23rd was routine," that J.K. "ate and slept that night just like any other night," that J.K. only "began acting differently around the time of her April 24th bottle at 8:30 a.m." This type of contradictory affidavit, submitted to raise an issue involving clear, prior deposition testimony and witness admissions, is improper under controlling law and should not be allowed.[4] *See Cole v. Homier Distrib. Co., Inc.*, 599 F.3d 856, 867-68 (8th Cir. 2012) (affirming exclusion of affidavit that contradicted a deponent's prior testimony); *Marathon Ashland Petroleum, LLC v. Int'l Bhd. of Teamsters*, 300 F.3d 945, 951 (8th Cir. 2002) ("district court may grant summary judgment where a party's sudden and unexplained revisions of testimony creates an issue of fact where none existed before."); *Camfield Tires*, 719 F.2d at 1365-66 ("A party should not be allowed to create issues of credibility by contradicting his own earlier testimony.").

### III. THERE IS NO EVIDENCE OF CONFUSION NECESSARY TO JUSTIFY THE SUBMISSION OF A CONTRADICTORY AFFIDAVIT.

Given the contradictory nature of the affidavit, it may only be considered if plaintiff were to present evidence that Ms. Surber was somehow confused during her deposition (and during

---

[3] Plaintiff asserts that "the fact that mother and baby had a routine night completely refutes Abbott's experts" and "makes them look silly" regarding their assessment of the onset of J.K.'s symptoms. Plaintiff, however, misunderstands Abbott's expert opinions on multiple grounds. *First,* plaintiff mistakenly reverses these experts' logic. They do not state that all infants who cry "for no reason" have bacterial meningitis. Instead, they state that almost all infants **with bacterial meningitis** cry and are irritable. *Second,* Abbott's (and plaintiff's) medical experts all recognize that crying and irritability, followed by additional symptoms like depressed appetite, inconsolability and fever (all exhibited by J.K.), are most likely early symptoms of the illness. (See Dkt. #86-3 at ¶¶ 39-40; Dkt. #97, Reply Appendix, at 42-43 at 116:4-117:3; R. App. 315 at 53:3-16.) *Finally,* Abbott's medical expert explains that *regardless* of when J.K.'s symptoms began (9:00 p.m. on April 23 or 8:30 a.m. on April 24), there was simply too little time between J.K.'s first use of Abbott's product and the onset of symptoms to implicate Abbott's PIF as the source of infection. (See Dkt. #86-1 at 15-18; Dkt #97 at 7-10.)

[4] The Court need not rely on Abbott's briefing to identify the presence of contradictions, as even plaintiff's own paid expert admits that "Ms. Surber's 7/5/12 deposition, and Ms. Surber's corrections/clarifications to that deposition provide differing descriptions of . . . [J.K.'s] symptomatic progression[.]" (Ex. M to Dkt. #99 at ¶ 283.)

4

the various other conversations she had with J.K.'s medical providers and family members). *See Uhiren*, 346 F.3d at 829 (the "narrow circumstances" allowing the submission of a subsequent contradictory affidavit includes situations "where the witness was confused . . . or for some other reason misspoke" (quoting *Bailey v. United Airlines*, 279 F.3d 194, 201 (3d Cir. 2002))). Plaintiff does not (and cannot) make such a showing.

Here, there is no statement by Ms. Surber at her deposition <u>or in her affidavit</u> that she was confused by Abbott's counsel's questions. Nor should there be, as the questions posed were simple and straight-forward inquiries about the events of April 23-24. Moreover, Ms. Surber made no attempts to revise her deposition testimony on the subject even when re-directed by her own counsel at deposition or on her errata sheet containing five single-spaced pages of substantive changes to her testimony. (*See* Ex. L to Dkt. #99.) Lastly, her deposition testimony is consistent with all prior record statements she had made to J.K.'s treating physicians and J.K.'s grandmother. (*See* Exs. C-D, F-H to Dkt. #99.) Thus, because there is no evidence that Ms. Surber was confused by the simple questions regarding her observations of J.K. on April 23-24, 2008, there is no basis to consider the affidavit under the last of the narrow circumstances identified by Eighth Circuit courts. *See Camfield Tires*, 719 F.2d at 1365 (an affidavit that inherently conflicts with prior deposition testimony does not raise an issue of material fact unless the affiant explains apparent inconsistencies or demonstrates a plausible reason for a change); *City of St. Joseph*, 439 F.3d at 476 (affirming trial court's decision to strike contradictory affidavit based, in part, on the fact that witness never claims in his affidavit that he was confused in his deposition or needed to clarify statements he had made under oath).

## **CONCLUSION**

For the reasons stated above and in its opening papers, Abbott Laboratories respectfully requests that the Court issue an order striking Ms. Surber's September 19, 2012 affidavit.

Dated: May 24, 2013              Respectfully submitted,


                                                               s/ Gabriel H. Scannapieco

June K. Ghezzi
Paula S. Quist
Gabriel H. Scannapieco
JONES DAY
77 West Wacker Drive
Suite 3500
Chicago, IL 60601
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
jkghezzi@jonesday.com
gscannapieco@jonesday.com

John C. Gray, AT0002938
HEIDMAN LAW FIRM, LLP
1128 Historic Fourth Street
P.O. Box 3086
Sioux City, IA 51102-0386
Telephone: (712) 255-8838
Facsimile: (712) 258-6714
John.Gray@heidmanlaw.com

ATTORNEYS FOR DEFENDANT
ABBOTT LABORATORIES.

6

# CERTIFICATE OF SERVICE

I, Gabriel H. Scannapieco, certify that on the 24th day of May, 2013, I served the foregoing via electronic delivery to all parties that have filed an appearance in this matter at their e-mail addresses on file with the Court.

**Stephen C. Rathke**
**Robert J. King**
LOMMEN ABDO COLE KING &
STAGEBERG, PA
ISD Center, Suite 2000
80 So. Eighth Street
Minneapolis MN  55402

**Timothy Bottaro**
**Amanda Van Wyhe**
VRIEZELAAR, TIGGES, EDGINGTON,
BOTARRO, BODEN & ROSS, L.L.P.
613 Pierce Street
P.O. Box 1557
Sioux City IA  51102

s/ Gabriel H. Scannapieco