IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| THE SECURITY NATIONAL BANK OF SIOUX CITY, IOWA as conservator for J.M.K., a Minor,<br><br>PLAINTIFF,<br>vs.<br><br>ABBOTT LABORATORIES,<br><br>DEFENDANT. | Case No. C11-4017-DEO<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE EVIDENCE OF PRIOR CONVICTIONS AND DRUG USE** |

Plaintiff moves to prohibit Abbott from using at trial (1) the 1993 theft conviction of Megan Surber, (2) Troy Kunkel's prior criminal convictions and past drug use and (3) expert witness Gerald M. Goldhaber's misdemeanor conviction for possession of marijuana in or around 2003.

## FACTUAL BACKGROUND

Megan Surber is the mother of Jeanine Kunkel. She will testify about the birth, illness and subsequent care of her daughter. In 1993, Ms. Surber was convicted in Iowa state court for misdemeanor theft and sentenced to pay a fine. The charge was filling her tank at a gas station and leaving without paying (Exhibits 1 and 2, Surber depo. at 38-41).

Troy Kunkel is Jeanine Kunkel's father and will testify about his daughter and his cleaning of the kitchen. At Mr. Kunkel's deposition, he was asked a number of questions concerning: (1) a 2000 conviction for assault in which he plead guilty or took a deferred judgment (Exhibit 3, Kunkel depo. at 186-87); (2) a 2003 conviction for child

endangerment (Id. at 188-89); (3) a 2005 guilty plea for escape (Id. at 191-92); and (4) a 2007 guilty plea for illegal dumping on public land (Id. at 192; Exhibit 4).

Counsel for Abbott also questioned Mr. Kunkel about his past drug use. Mr. Kunkel admitted he had used methamphetamine in the past and that he had been using marijuana until shortly before July 6, 2012 (Id. at 45-46). A positive drug test for cannabinoids occurred in or around April 2008 (Id. at 156-59). He testified that he was sober in 2008 and several years prior to 2008 (Id. at 47), and that he did not start using drugs again after he returned from Omaha where Jeanine Kunkel was being treated for *E. sakazakii* meningitis (Id.).

Gerald M. Goldhaber, Ph.D. is a warnings expert retained by Plaintiff to opine on the adequacy of Abbott's warning labels on powdered infant formula. During his deposition in Burks v. Abbott Laboratories, Case No. 08-3414 (D. Minn.), Abbott questioned Dr. Goldhaber about a misdemeanor guilty plea in the Cayman Islands in or around 2003. Dr. Goldhaber's testified that he allowed some college students to use property he had owned (Exhibit 5, Goldhaber depo. at 90-95). The students were spotted smoking marijuana and were charged with misdemeanor possession. As the property owner, Dr. Goldhaber was also charged with possession of marijuana and pled guilty to a misdemeanor in or around 2003 (Id.).

## LEGAL ARGUMENT

### A. The Convictions Are Not Admissible Under Rule 609.

The admissibility of evidence of a conviction of a crime is governed by Federal Rule of Evidence 609. Rule 609 provides:

(a) **In General**. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

(1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
(A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
(B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
(2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.

(b) **Limit on Using the Evidence After 10 Years**. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
(2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Evidence of a felony conviction is generally admissible at trial, subject to the limitations of Rule 403. Evidence of non-felony convictions is admissible only if the conviction is related to a crime that requires dishonesty or false statement. If the conviction is admissible under Fed. R. Evid. 609(a) but occurred more than 10 years earlier, the proponent must establish its probative value before the Court determines if the evidence of the conviction is admissible under Fed. R. Evid. 609 (b).

## 1. The Convictions are Not Admissible under 609(a)(1).

The convictions of Dr. Goldhaber and Megan Surber are misdemeanors. Mr. Kunkel's convictions for assault, escape, and illegal dumping on public land were not punishable by death or imprisonment for more than one year. None of these convictions are admissible under Fed. R. Evid. 609(a)(1).

Mr. Kunkel's 2003 conviction for child endangerment is a felony, but the conviction is inadmissible because any probative value it may have – none – is substantially outweighed by the "danger of unfair prejudice, confusion of the issues, or misleading the jury" and should be excluded under Fed. R. Evid. 403. The general balancing test of Rule 403 applies to all convictions under Rule 609(a). Fed. R. Evid. 609, Advisory Committee Notes on 1990 Amendments. Thus, the trial court has discretion to exclude felony convictions even if they occurred within the last 10 years.

Mr. Kunkel's 2003 child endangerment conviction is remote in time, does not bear on his truthfulness, and has no relevance to the issues at trial. Its only purpose would be to "arous[e] juror sentiment" against Jeanine Kunkel's father, who is not a party to this lawsuit. See Meller v. Heil Co., 745 F.2d 1297, 1303 (10th Cir. 1984). Allowing this evidence would unfairly prejudice Jeanine Kunkel, the injured child, who was not even born at the time Mr. Kunkel plead guilty to child endangerment. It would be unfair to allow Plaintiff's claims to be affected because a juror disliked Jeanine's father because of this past conviction instead of considering the relevant facts of this case. Plaintiff asks the Court to exercise its discretion and preclude evidence relating to Mr. Kunkel's 2003 conviction.

## 2. The Convictions are Not Admissible under Rule 609(a)(2) Because they Do Not Involve Dishonesty or False Statement.

Under Rule 609(a)(2), a witness's credibility may be attacked by evidence of a criminal conviction if the crime "involved dishonesty or false statement." Fed. R. Evid. 609(a)(2). The Advisory Committee Notes to Rule 609 explain the intended scope of this aspect of the rule:

> By [the phrase "false statement or dishonesty"], the committee means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement or false pretense, or any other offense, in the nature of crimen falsi the commission of which involves some element of untruthfulness, deceit or falsification bearing on the accused's propensity to testify truthfully.

Fed. R. Evid. 609, Advisory Committee Notes on 1974 Enactments. Rule 609(a)(2) admissibility is restricted to convictions that bear directly on the likelihood that the defendant will testify truthfully (and not merely on whether he has a propensity to commit crimes). United States v. Hayes, 553 F.2d 824, 827 (2nd Cir. 1977). Crimes of force, such as armed robbery or assault, or crimes of stealth, such as burglary, or petit larceny, do not come within this clause. Id.; see also United States v. Harvey, 588 F.2d 1201, 1203 (8th Cir. 1978) (assault conviction does not involve dishonesty or false statement). Drug-related crimes do not involve dishonesty or false statements and do not come within Fed. R. Evid. 609(a)(2). United States v. Hastings, 577 F.2d 38, 41 (8th Cir. 1978) (conviction on narcotics charge was not crime which "involved dishonesty or false statement," within Rule 609(a)(2)); United States v. Galati, 230 F.3d 254, 262 (7th Cir. 2000) (drug related offense cannot be admitted "for the sole purpose of making a general character attack"); United States v. McLister, 608 F.2d 785, 789 (9th Cir. 1979) (nine-

5

year-old marijuana conviction was not punishable by imprisonment in excess of one year and did not involve dishonesty or false statement and thus could not be used to impeach the defendant's credibility); United States v. Millings, 535 F.2d 121,122-23 (D.D.C. 1976) (impeaching witness by asking him, over objection, whether he had previously pled guilty to a charge of possession of heroin was impermissible because it did not involve "dishonesty or false statement"). The convictions at issue here do not involve crimes of dishonesty or false statements. Theft is not considered a crime of dishonesty or false statement. United States v. Yeo, 739 F.2d 385 (8th Cir. 1984). Accordingly, they are not admissible under Fed. R. Evid. 609(a)(2).

Moreover, Ms. Surber's conviction occurred 20 years ago and Mr. Kunkel's assault occurred 13 years ago. Mr. Kunkel's felony child endangerment plea and Dr. Goldhaber's misdemeanor guilty plea both occurred in 2003, approximately ten years ago. Fed. R. Evid. 609(b) provides that a conviction older than ten years is admissible only if: 1) it meets the requirements of 609(a); 2) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and 3) the proponent gives the adverse party reasonable written notice of the intent to use the conviction. The convictions here fail to meet any of the three requirements.

**B.      The Convictions Are Not Admissible Under Fed. R. Evid. 608(b) Because They Are Not Probative of Truthfulness.**

Fed. R. Evid. 608(b) provides:

Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-

6

examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness . . .

Rule 608(b) prohibits inquiry into a witness's conduct if that conduct is not probative of the witness's character for truthfulness or untruthfulness. In considering whether specific instances of conduct are admissible, the court is guided not only by Rule 608(b) but also by the overriding safeguards of Rule 403, which authorizes the court to exclude evidence if its probative value is substantially outweighed by "danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

The crimes at issue here – i.e., possession of marijuana, assault, child endangerment, theft escape, and illegal dumping on public land – are not probative of truthfulness. See Harvey, 588 F.2d at 1203 (8th Cir.1978) ("An assault conviction does not involve dishonesty or false statement."); Crimm v. Missouri Pacific R. Co., 750 F.2d 703, 707-708 (8th Cir. 1984) (age discrimination action affirming district court's exclusion of witness's prior drug use for impeachment purposes, holding illegal drug use, without more, did not have tendency to show untruthfulness); United States v. Bentley, 706 F.2d 1498, 1510 (8th Cir. 1983)(evidence of a drug operation is not indicative of a lack or truthfulness); United States v. Turner, 104 F.3d 217, 223 (8th Cir. 1997) (violations of narcotics laws is not an act involving dishonesty or untruthfulness); United States v. Noti, 731 F.2d 610, 612-613 (9th Cir. 1984) (holding district court properly excluded evidence of witness's drug use to impeach his credibility under Rule 608(b)).

The convictions are therefore not admissible under Fed. R. Evid. 608(b).

7

C.  **The Probative Value, if any, of the Convictions is Substantially Outweighed by the Danger of Unfair Prejudice.**

Even if the Court finds that the convictions have some probative value, such value is substantially outweighed by the "danger of unfair prejudice, confusion of the issues, or misleading the jury" and should be excluded under Fed. R. Evid. 403. Mr. Goldhaber is an expert witness. His testimony will relate to the adequacy of Abbott's warnings on their powdered infant formula labels. A misdemeanor guilty plea for possession of marijuana in the Cayman Islands – ten years ago, no less – has no relevance to Mr. Goldhaber's credibility or the subject of his testimony. Fed. R. Evid. 403 provides an independent ground to exclude such evidence.

Similarly, evidence concerning the parents' convictions is unduly prejudice. None of Mr. Kunkel's guilty pleas occurred during Jeanine Kunkel's lifetime, and none involve dishonesty. Meghan Surber's misdemeanor occurred 20 years ago. Allowing such evidence at trial would unfairly prejudice Jeanine Kunkel, the injured child, because the jury may impute her parents' behavior – who are not parties – to her when considering the evidence. It would be unfair to allow Plaintiff's claims to be decided based on a jury potentially disliking Jeanine's parents.[1]

D.  **Evidence Relating to Troy Kunkel's Past Drug Use Is Inadmissible.**

All evidence relating to Troy Kunkel's past drug use is inadmissible under Rule 403 and Rule 608(b)(1). Mr. Kunkel's past drug use has no bearing on the facts in the

---

[1] On the other hand, Abbott's 2012 federal misdemeanor conviction for intentional misbranding of a product in violation of 21 U.S.C. 331(a), 333(a)(1), 352(a) and 352(f)(1) is admissible because the conviction occurred within the last ten years and involves a dishonest act or false statement.

case, his truthfulness or his testimony. "[I]llegal drug use or transactions, without more, do not show untruthfulness." Crimm, 750 F.2d at 707-08, *quoting* United States v. Hastings, 577 F.2d 38, 41-42 (8th Cir. 1978); see also United States v. Walley, 567 F.3d 354, (8th Cir. 2009) ("prior distribution of methamphetamine was not admissible for the purpose of attacking character for truthfulness"). His past drug use is therefore not admissible under Rule 608(b)(1).

Mr. Kunkel's past drug use is also inadmissible under Rule 403. In Harless v. Boyle-Midway Division, American Home Products, 594 F.2d 1051 (5th Cir. 1979), a product liability case arising out of the death of a 14-year-old boy as a result of intentional inhalation of freon in a household product, the court allowed the defendant to introduce evidence that the decedent had smoked marijuana. Id. at 1058. The Fifth Circuit reversed, holding:

> In contrast to any slight value [the evidence regarding marijuana] might have upon the jury's determination of damages, we view the evidence as being highly prejudicial. Accordingly, we conclude that the evidence that [decedent] had smoked marijuana on one occasion was precisely the type of highly prejudicial evidence that should be excluded under Federal Rule of Evidence 403. The court should have granted the motion in limine on the issue of marijuana smoking.

Similarly, in another wrongful death product liability action, the defendant sought to admit evidence of two hashish pipes containing marijuana found in the decedent's possession at the time of his death. Meller v. Hiel Co., 745 F.2d 1297, 1303 (10th Cir. 1984). The defendant claimed the hashish pipes were probative of the defendant's life expectancy. The court excluded the pipes under Rule 403, finding that such evidence would unfairly "arouse juror sentiment against the decedent."

9

Here, evidence regarding Mr. Kunkel's past drug use has no probative value. Past drug use has no bearing on Mr. Kunkel's truthfulness, Jeanine's injury or causation. The only purpose for such evidence is to "arouse juror sentiment" against Mr. Kunkel, and in turn, his daughter. All evidence relating to Mr. Kunkel's past drug use is therefore properly excluded under Fed. R. Evid. 403.

## CONCLUSION

For the foregoing reasons, the Court should order Abbott, its counsel, and their witnesses not to refer to, testify about, question witnesses concerning, or introduce, whether during opening or closing statement, voir dire examination, or otherwise, evidence or argument pertaining the past convictions of the parents and Dr. Goldhaber and Troy Kunkel's past drug use.

LOMMEN, ABDO, COLE, KING & STAGEBERG, P.A.

Dated: July 18, 2013    BY /s/ Stephen C. Rathke
                                    Stephen C. Rathke
                                    2000 IDS Center
                                    80 South 8th Street
                                    Minneapolis, MN 55402
                                    Phone: (612) 339-8131

                                    and

                                    VRIEZELAAR, TIGGES, EDGINGTON,
                                    BOTTARO, BODEN & ROSS, L.L.P.
                                    Amanda Van Wyhe and Timothy Bottaro
                                    613 Pierce Street/P.O. Box 1557
                                    Sioux City, IA 511022
                                    Phone: (712) 252-3226
                                    ***ATTORNEYS FOR PLAINTIFF***