IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| **THE SECURITY NATIONAL BANK OF SIOUX CITY, IOWA**, as conservator for **J.M.K., a Minor,**<br><br>PLAINTIFF,<br><br>v.<br><br>**ABBOTT LABORATORIES,**<br><br>DEFENDANT | Case No. 5:11-cv-04017-MWB<br><br>**ABBOTT LABORATORIES' OMNIBUS MOTION *IN LIMINE*** |

Defendant Abbott Laboratories ("Abbott"), by its attorneys, respectfully submits the following Omnibus Motion *in Limine*.

(1) **MOTION IN LIMINE #1:** Abbott respectfully requests an order excluding from trial any evidence or mention of a government investigation of Abbott's sales and marketing practices related to the prescription drug Depakote and Abbott's subsequent plea agreement and civil settlement regarding Depakote. The Depakote investigation, agreement and settlement are irrelevant to this product liability case involving powdered infant formula ("PIF"). The Depakote agreement and settlement are also inadmissible for purposes of impeachment because the Abbott witnesses who may be called at trial had nothing to do with the conduct underlying the Depakote investigation and subsequent plea and settlement agreements. The Depakote investigation, agreement and settlement should also be excluded under Rule 403 as unduly prejudicial, confusing, and a waste of time.

(2) **MOTION IN LIMINE #2:** Abbott respectfully requests an order excluding from trial any evidence or mention of an unrelated 2010 voluntary recall of Abbott PIF product, Abbott's Sturgis, MI manufacturing plant and Abbott products manufactured at the Sturgis

-1-

manufacturing plant. Federal courts have consistently found that recall evidence is inadmissible where the products covered by the recall are different from the product at issue in the dispute, and where the defect involved in the recall differs from the defect at issue in the dispute. Federal courts also exclude non-subject facility evidence as irrelevant under Rules 401 and 402, and as unfairly prejudicial, confusing, misleading, and a waste of the courts' and juries' time under Rule 403.

(3) **MOTION IN LIMINE #3:** Abbott respectfully requests an order excluding from trial any evidence or mention of anecdotal case reports regarding other infants with E. sak infections. These second, third, or fourth-hand reports relate exclusively to infants other than J.K. Such anecdotal summary reports should be barred because there has been and can be no showing that the cases are substantially similar to the facts alleged here, they lack the necessary information to make a causation analysis possible, they constitute inadmissible hearsay, and, even if otherwise admissible, their probative value would be greatly outweighed by their prejudicial impact, their propensity to confuse the jury, and the waste of time that would occur if Abbott were forced to respond to them.

(4) **MOTION IN LIMINE #4:** Abbott respectfully requests that this Court enter an order prohibiting duplicative and cumulative testimony by plaintiff's testifying experts, and ordering: (1) that plaintiff be limited to one expert to give a causation opinion; and (2) that plaintiff be limited to one expert to give each of the following opinions: (a) that Abbott's Casa Grande facility likely contained E. sak; (b) that the CDC's, FDA's and Abbott's finished product testing protocols and Abbott's environmental testing *might* have missed E. sak that *might* have been present when they all did their respective testing; (c) that if a batch of infant formula contained E. sak, it would be unevenly distributed in the batch; and (d) that the infant's

environment and caregivers were unlikely sources of E. sak infection. Cumulative opinion testimony is an unnecessary waste of time for the Court and the jury, and an obvious piling on that will be unduly prejudicial.

(5) **MOTION IN LIMINE #5:** Abbott requests that this Court exclude certain opinion testimony that is outside of plaintiff's witnesses' areas of expertise. Specifically, Abbott requests that this court exclude (a) Janine Jason's opinions on E. sak testing methods; (b) Catherine Donnelly's, Jim Farmer's, and Jason's opinions regarding PIF manufacturing practices and PIF product design; (c) Catherine Donnelly's, Scott Donnelly's, Farmer's, and Jason's opinions regarding Abbott's PIF labeling; and (d) Gerald Goldhaber's opinions regarding the scope of risk posed by PIF, the likelihood PIF caused J.K.'s harm, and whether Abbott acted "reasonably" when forming its labels and warnings. Plaintiff's experts do not have the necessary expertise to offer opinions on these topics, and, for this reason, they should be excluded pursuant to Fed. R. Evid. 702 and *Daubert*.

WHEREFORE, for all these reasons, as detailed in the attached Memorandum of Law, which Abbott hereby incorporates in this Motion, Abbott prays that these Motions *in Limine* be granted.

-3-

Case 5:11-cv-04017-MWB-CJW   Document 114   Filed 07/19/13   Page 3 of 5

Dated: July 19, 2013                    Respectfully submitted,

<div style="margin-left:3em">

s/ Gabriel H. Scannapieco
Daniel E. Reidy (admitted *pro hac vice*)
  dereidy@jonesday.com
June K. Ghezzi (admitted *pro hac vice*)
  jkghezzi@jonesday.com
Gabriel H. Scannapieco (admitted *pro hac vice*)
  gscannapieco@jonesday.com Jones Day
JONES DAY
77 West Wacker Dr., 35th Floor
Chicago, IL  60601-1692
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585

John C. Gray (AT0002938)
  John.Gray@heidmanlaw.com
HEIDMAN LAW FIRM, LLP
1128 Historic Fourth Street
P.O. Box 3086
Sioux City, IA  51102-0386
Telephone:  (712) 255-8838
Facsimile:  (712) 258-6714


ATTORNEYS FOR DEFENDANT
ABBOTT LABORATORIES

</div>

## CERTIFICATE OF SERVICE

I, Gabriel H. Scannapieco, certify that on the 19th day of July 2013, I served the foregoing via electronic delivery to all parties that have filed an appearance in this matter at their e-mail addresses on file with the Court.

| | |
|---|---|
| **Robert J. King**<br>**Stephen C. Rathke**<br>LOMMEN ABDO COLE KING &<br>STAGEBERG, PA<br>ISD Center, Suite 2000<br>80 So. Eighth Street<br>Minneapolis MN 55402 | **Timothy Bottaro**<br>**Amanda Van Wyhe**<br>VRIEZELAAR, TIGGES, EDGINGTON,<br>BOTARRO, BODEN & ROSS, L.L.P.<br>613 Pierce Street<br>P.O. Box 1557<br>Sioux City IA 51102 |

s/ Gabriel H. Scannapieco