IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| **THE SECURITY NATIONAL BANK OF SIOUX CITY, IOWA**, as conservator for J.M.K., a Minor,<br><br>PLAINTIFF,<br><br>v.<br><br>**ABBOTT LABORATORIES,**<br><br>DEFENDANT. | Case No. 5:11-cv-04017-MWB<br><br>**ABBOTT LABORATORIES' REPLY IN SUPPORT OF ITS OMNIBUS MOTION *IN LIMINE*** |

**MOTION IN LIMINE #1—DEPAKOTE SALES & MARKETING PRACTICES.**

A.  The Motion Should Be Granted in Part as Unopposed.

Plaintiff's response falls short, as it fails to address Abbott's request to exclude evidence of the plea and civil settlement agreements from the Depakote litigation. The response only discusses the prior conviction. Accordingly, the motion should be granted in part as unopposed. The motion should also be granted in remaining part as discussed below.

B.  The Prior Conviction Is Inadmissible.

In response to the motion, Plaintiff offers two bases to admit the prior conviction: Rule 404(b)(2) and Rule 609(a)(2). Neither works. And, in any event, the prior conviction should be excluded under Rule 403 as unduly prejudicial, confusing and a waste of time.

1.  *Reliance on Rule 404(b)(2) Is Unavailing.*

In its Rule 404(b)(2) argument, Plaintiff tries to do precisely what Rule 404(b)(1) prohibits: use a prior conviction as "bad company" evidence. Plaintiff indeed states that the prior conviction shows Abbott's "willingness to place false and misleading information on its products' labels . . . ." (Resp. at 2.) As such, it is plainly inadmissible under Rule 404(b)(1).

So Plaintiff now seeks cover in Rule 404(b)(2), explaining that the prior conviction is actually offered to show "intent, motive, knowledge and absence of mistake, for purposes of its failure to warn and punitive damages claims. (Resp. 2-7.) But Abbott does not claim mistake; its intent and motive do not matter for the failure to warn claim; and its knowledge of *E. sak* risks has nothing to do with the prescription drug Depakote. Nor are these issues relevant to punitive damages, which focus on the defendant's conduct "from which the claim arose." Iowa Stat. § 688A.1(a); *see also Williams v. ConAgra Poultry Co.*, 378 F.3d 790, 797 (8th Cir. 2004) ("it is crucial that a court focus on the conduct related to the plaintiff's claim rather than the conduct of the defendant in general"). Plaintiff has failed to make any showing to connect the dots here.

Plaintiff's remaining arguments merit little discussion. (Resp. at 4-7.) *First*, the conviction is not similar in kind to Plaintiff's failure to warn claim. It related to prescription drugs, not infant formula; it arose out of the 1998 to 2006 conduct of a pharmaceutical company (now Abbvie, which has obligations under the plea agreement, whereas Abbott the party here has none) while the formula product was manufactured in 2008 by Abbott Nutrition ; and no Abbott witness in this case has any connection to the criminal case. These differences matter and Plaintiff cannot refute them. (Mem. at 1-4 & n.3.) *Second*, the unfair prejudice, confusion and waste of trial that will ensue substantially outweigh any probative value of the evidence. (Mem. at 4.) A limiting instruction cannot change that here.

2. *Rule 609(a)(2) Does Not Apply.*

Nor is the prior conviction admissible under Rule 609(a)(2). Plaintiff offers the conviction "to impeach Abbott, not the corporate representatives in their individual capacity." (Resp. at 10.) But Rule 609 does not allow for that. (*See* Mem. at 2-4.) Rule 609—like Rules 608 and 610—is a rule of impeachment. "The purpose of impeachment is to raise questions

about the veracity of the witness's testimony . . . ." *United States v. Perez-Montanez*, 202 F.3d 434, 440 (1st Cir. 2000). The text of the Rule reflects this purpose; it governs "attacking a witness's character for truthfulness." Fed. R. Evid. 609(a). It follows that impeachment with a corporate conviction is beyond the scope of the Rule. After all, the witness herself takes the oath to testify truthfully. A corporate conviction says nothing about whether she did so, particularly where, as here, the witness is unconnected to the underlying criminal conduct. (Mem. at 3.)

The Third Circuit in *Walden* got it right: "Rule 608 does not permit corporate convictions to be used to impeach the credibility of employee witnesses who were not directly connected to the underling criminal act." *Walden v. Ga.-Pac. Corp.*, 126 F.3d 506, 522-24 (3d Cir. 1997). The two cases that Plaintiff relies on—*Hickson* and *Stone*—are unpersuasive. Not only are their analyses contrary to the plain language and purpose of Rule 609, as described above, but they arise out of readily distinguishable circumstances. In *Stone*, the corporate conviction was offered to impeach the president of the corporate division at issue who had testified about the company's reputation for integrity in the industry. *Stone v. C.R. Bard, Inc.*, No. 02-CV-3433, 2003 WL 22902564, at *3 (S.D.N.Y. Dec. 8, 2003). And in *Hickson*, the corporate conviction was offered to impeach a corporate assistant vice president only after the company—through two other witnesses—"interject[ed] its good character into the trial" by, among other things, offering evidence that it is the only company in the industry to have received a particular industry safety award. *See Hickson Corp. v. Norfolk S. Ry. Co.*, 227 F. Supp. 2d 903, 906-08 (E.D. Tenn. 2002). Plaintiff makes no showing that these facts are similar to this case.

   3.  *Rule 403 Warrants Exclusion.*

Regardless, the evidence fits comfortably within the protections of Rule 403. Its probative value, if any, is substantially outweighed by the danger of unfair prejudice, confusing the issues, and wasting time. (Mem. at 4-5.) Plaintiff side-steps Abbott's arguments and

-3-
Case 5:11-cv-04017-MWB-CJW   Document 121   Filed 08/07/13   Page 3 of 7

responds simply that the conviction "is not unfairly prejudicial." (Resp. at 11.) For all of the reasons that Abbott previously explained, the evidence should be excluded under Rule 403.

## MOTION IN LIMINE #2—STURGIS PLANT & 2010 RECALL.

### A. The Motion Should Be Granted in Part as Unopposed.

Plaintiff's response again falls short—it addresses the recall but not the evidence about the Sturgis plant and its products generally. (Mem. at 5-7.) Accordingly, the motion should be granted in part as unopposed. It should also be granted in remaining part as discussed below.

### B. The Recall Evidence Is Plainly Irrelevant.

Evidence about Abbott's 2010 recall is irrelevant and Plaintiff's response does not show otherwise. Plaintiff states that the recall is relevant to "Abbott's manufacturing sampling and testing of its in [sic] finished PIF [and] manufacturing and control processes." (Resp. at 12.) But Plaintiff goes no further. The undisputed facts remain: the recall involved a different product (not NeoSure), a different manufacturing facility (not Casa Grande), a different alleged defect (not *E. sak*); and a different time period (not 2008). The evidence is irrelevant. Its admission would be error. *See, e.g.*, *Ahlberg v. Chrysler Corp.*, 481 F.3d 660, 633-34 (8th Cir. 2007).

### C. The Recall Evidence Fails Under Rule 403; Plaintiff Does Not Argue Otherwise.

Nonetheless, any probative value of the recall evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury and waste of trial time. (Mem. at 7-8.) Because Plaintiff does not respond to this argument, and for the reasons that Abbott discussed previously in detail, the recall evidence should be excluded under Rule 403.

## MOTION IN LIMINE #3—ANECDOTAL CASE REPORTS.

Plaintiff's suggestion that the motion be denied as vague is a non-starter. (Resp. at 15.) Plaintiff understands what Abbott is challenging—non-party anecdotes about *E. sak* infections in

unrelated children who did not use NeoSure. (Mem. at 8, 10.) The Court should reach the evidentiary issues and exclude the evidence for the reasons that Abbott has previously explained. *First*, despite Plaintiff's argument that the evidence is relevant to "notice" (Resp. at 16), there has been no showing that the case reports are substantially similar to the facts alleged here. (Mem. at 9-10.) Plaintiff does not argue otherwise. *Second*, the Eighth Circuit has long recognized that case reports are not reliable proof of causation. (Mem. at 11-12 & n.7 (collecting cases).) Plaintiff ignores this. *Third*, the reports themselves are classic hearsay—out-of-court statements by third parties, admitting of no apparent exception. (Mem. at 12.) *Fourth*, since the case reports are inadmissible, Plaintiff's experts cannot testify about them absent a showing of need that Plaintiff has not even attempted to make. *See* Fed. R. Evid. 703.

## MOTION IN LIMINE #4—DUPLICATIVE AND CUMULATIVE EVIDENCE.

Abbott's motion is not "premature." (Resp. at 18.) Plaintiff has retained three microbiologists and a pediatrician whose intended testimony all overlaps, as Abbott has explained (Mem. at 15-17), and as Plaintiff now acknowledges. (Resp. at 18 ("four experts will provide opinions relating to causation").) Although it may be "premature" to require Plaintiff to select *who* will offer a particular opinion, now is the time for Plaintiff to explain why three microbiologists should be able to give the same opinions at trial. Plaintiff has not done so.

## MOTION IN LIMINE #5—EXPERT TESTIMONY BEYOND QUALIFICATIONS.

This motion is not "an attempt to take another bite at the *Daubert* apple." (Resp. at 19.) Abbott's prior *Daubert* motion was limited to the dispositive issue of causation. Now, as trial approaches, Abbott seeks to ensure that Plaintiff's experts stay within the bounds of their expertise, which their reports did not do. (*See* Mem. at 17-22.) Plaintiff does not oppose Abbott's motion on the merits. The Court should grant it without objection.

Dated: August 7, 2013                    Respectfully submitted,


                                         *s/* Gabriel H. Scannapieco
                                         Daniel E. Reidy (admitted *pro hac vice*)
                                           dereidy@jonesday.com
                                         June K. Ghezzi (admitted *pro hac vice*)
                                           jkghezzi@jonesday.com
                                         Gabriel H. Scannapieco (admitted *pro hac vice*)
                                           gscannapieco@jonesday.com Jones Day
                                         JONES DAY
                                         77 West Wacker Dr., 35th Floor
                                         Chicago, IL 60601-1692
                                         Telephone: (312) 782-3939
                                         Facsimile: (312) 782-8585

                                         John C. Gray (AT0002938)
                                           John.Gray@heidmanlaw.com
                                         HEIDMAN LAW FIRM, LLP
                                         1128 Historic Fourth Street
                                         P.O. Box 3086
                                         Sioux City, IA 51102-0386
                                         Telephone: (712) 255-8838
                                         Facsimile: (712) 258-6714


                                         ATTORNEYS FOR DEFENDANT
                                         ABBOTT LABORATORIES

# CERTIFICATE OF SERVICE

I, Gabriel H. Scannapieco, certify that on the 7th day of August 2013, I served the foregoing via electronic delivery to all parties that have filed an appearance in this matter at their e-mail addresses on file with the Court.

| | |
|---|---|
| **Robert J. King** | **Timothy Bottaro** |
| **Stephen C. Rathke** | **Amanda Van Wyhe** |
| **Nicholas A. Dolejsi** | VRIEZELAAR, TIGGES, EDGINGTON, |
| LOMMEN ABDO COLE KING & | BOTARRO, BODEN & ROSS, L.L.P. |
| STAGEBERG, PA | 613 Pierce Street |
| ISD Center, Suite 2000 | P.O. Box 1557 |
| 80 So. Eighth Street | Sioux City IA  51102 |
| Minneapolis MN  55402 | |

*s/* Gabriel H. Scannapieco