# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

THE SECURITY NATIONAL BANK OF
SIOUX CITY, IOWA, as Conservator for
J.M.K, a Minor,

        Plaintiff,

vs.

ABBOTT LABORATORIES,

        Defendant.

No. C 11-4017-MWB

**MEMORANDUM OPINION AND
ORDER REGARDING THE PARTIES'
SUPPLEMENTAL EVIDENTIARY
ISSUES**

**<u>FILED UNDER SEAL</u>**

---

This case is before me on various evidentiary issues that the parties have brought to my attention and argued by e-mail in anticipation of the rescheduled trial in this matter, now set to begin on January 6, 2014. After reviewing the parties' submissions, I conclude as follows:

1.    As to plaintiff SNB's objections to evidence to be offered by defendant Abbott:

    a.    SNB's objection to opinions first disclosed in the supplemental report of Abbott's expert, Dr. Olson, is **overruled**. The supplemental report was timely, reasonably justified, and does not contradict Dr. Olson's previously disclosed opinions. SNB has leave of court, however, to conduct a telephonic deposition of Dr. Olson, between now and trial, on the opinions first disclosed in his supplemental report.

b.   SNB's objection to use of trial deposition testimony of a physical therapist, Summer Rae Johnson, is **sustained in part and overruled in part**. The deposition testimony at issue (which will be offered at trial, because Ms. Johnson resides more than 100 miles away) concerns the cleanliness of the minor child's home and the minor child herself between 2010 and 2012.

　　i.   The objection is **sustained**, if the testimony is offered as proof of the condition of the house in April 2008, a purpose for which Abbott indicates the testimony will not be offered.

　　ii.   The objection is **overruled**, if the testimony is offered concerning the ability of the mother and family members to care for the minor child on a long term basis, a purpose for which Abbott indicates the testimony will be offered.

c.   SNB's objection to Abbott's Exhibit 1023, consisting of nine "still" out-take photographs of the minor child's home, extracted by Abbott from a video recording disclosed in July 2013 or August 2013, is **sustained in part and overruled in part.**

　　i.   The objection is **sustained**, if the "still" out-take photographs are offered as proof of the condition of the house in April 2008.

　　ii.   The objection is **overruled**, if the "still" out-take photographs are offered concerning the ability of the mother and family members to care for the minor child on a long term basis.

2.   As to defendant Abbott's objections to evidence to be offered by plaintiff SNB:

a.   Abbott's objection to "truncated" environmental testing results (concerning SNB's Exhibits 55, 57, and 61-67) is **overruled as moot**, where the

parties' e-mail correspondence indicates that the objection has been mooted by SNB's agreement to include additional pages identified by Abbott.

b.      Abbott's objection to the 28 "IFC Documents" exhibits still at issue, after SNB withdrew certain of those exhibits, is **overruled.**  I find that the remaining "IFC Documents" exhibits are not hearsay, because they are not offered for the truth of the IFC's representations therein about powdered infant formula (PIF) or possible *E. sak* contamination, but to show what Abbott knew and when about possible *E. sak* contamination of PIF; that they are probative and not unfairly prejudicial, if offered for that purpose; and that SNB has shown that Abbott knew or should have known about these documents, which were prepared by a trade group of which Abbott was a member, in the members' names, and provided to Abbott at the time they were prepared by the IFC.

c.      Abbott's objection to SNB's exhibits described as "bulk medical records" is **overruled**.  Abbott describes these exhibits as "bulk medical records," because they include records from multiple care providers within specified periods of time, rather than records of a single provider.  The records are probative and not unfairly prejudicial; SNB is entitled to organize the records in a manner that SNB believes will be most helpful to its case; I find that the organization chosen by SNB is not confusing or misleading; and that Abbott will have a fair and adequate opportunity to clarify for the jury any points on which Abbott believes that the organization of the records is confusing or misleading.

d.      Abbott's objections to SNB's exhibits consisting of the CVs and reports of its experts is **overruled** *without prejudice*.  Abbott is correct that the CVs and reports of experts are technically hearsay.  Nevertheless, common practice in this court is for the parties to offer these items without objection for the purpose of streamlining the presentation of expert testimony and allowing the

experts' trial testimony to focus on their relevant opinions. If the parties are unable to agree to this reasonable procedure to streamline the presentation of expert testimony, I will revisit an objection to these exhibits.

IT IS FURTHER ORDERED that, to avoid exposure of potential jurors to information about challenged evidence, this ruling shall be sealed until ten days after completion of the trial or notice of any settlement, unless a party files a motion within that ten-day period showing good cause why the ruling should remain sealed.

**IT IS SO ORDERED**.

**DATED** this 19th day of December, 2013.

_Mark W. Bennett_
_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA