IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| THE SECURITY NATIONAL BANK OF SIOUX CITY, IOWA as conservator of J.M.K., a Minor,<br><br>    Plaintiff,<br>vs.<br><br>ABBOTT LABORATORIES,<br><br>    Defendant. | Case No. 5:11-cv-04017-MWB<br>Judge Mark W. Bennett<br>Magistrate Judge Leonard T. Strand<br><br><br><br>**PLAINTIFF'S OBJECTION TO**<br>**DEFENDANT'S BILL OF COSTS** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................1

ARGUMENT:

A.     Plaintiff Security National Bank Cannot Be Taxed........................................ 1

B.     The Court Should Exercise Its Discretion Not to Tax Costs Against J.M.K. 2

C.     Plaintiff's Objection to Specific Costs. ......................................................... 5

    1.     Transcripts ................................................................................................ 5

        a.     Depositions of Nontestifying Witnesses................................... 5
        b.     Video Depositions of Megan Surber and Troy Kunkel ........................... 6
        c.     Excessive Length of Depositions................................................ 7
        d.     Realtime Trial Transcripts ........................................................... 8

    2.     Copying Costs ....................................................................................... 8

    3.     Witnesses............................................................................................... 10

        a.     Stanford Shulman................................................................... 11
        b.     Sharon Bottock ...................................................................... 11
        c.     Martin Wiedmann ................................................................. 11

D.     Denial of Costs as a Sanction .......................................................................13

# TABLE OF AUTHORITIES

**Cases:**

168th & Dodge, LP v. Rave Reviews Cinemas, LLC,
501 F.3d 945, 958 (8th Cir. 2007) ...................................................................................3

Albee v. Winterink, 55 Iowa 184, 7 N.W. 497 (1880) .....................................................1

Am. Guarantee & Liab. Ins. Co. v. U.S. Fid. & Guar. Co., No. 4:06CV655RWS,
2010 WL 1935998, at *2 (E.D.Mo. May 10, 2010)..........................................................7

Amana Society, Inc. v. Excel Engineering, Inc., 2013 WL 427394
(N.D. Iowa Feb. 4, 2013) ............................................................................................6, 10

Badillo v. Central Steel & Wire Co., 717 F.2d 1160, 1165 (7th Cir. 1983) .....................3

Blakley v. Schlumberger Tech. Corp., 648 F.3d 921, 930 (8th Cir. 2011).......................3

Brown v. The McGraw-Hill Companies, Inc., 526 F.Supp.2d 950, 958
(N.D. Iowa 2007) ...................................................................................................7, 8, 11

Bunda v. Potter, C03-3102-MWB, 2006 WL 266513
(N.D. Iowa Jan. 31, 2006)................................................................................................5

Craftsmen Limousine, Inc. v. Ford Motor Co., 579 F.3d 894
(8th Cir. 2009)..................................................................................................................6

Cross v. General Motors, 721 F.2d 1152, 1157 (8th Cir. 1983) ......................................3

E.E.O.C. v. CRST Van Expedited, Inc. 07-CV-95-LRR, 2010 WL 520564
(N.D. Iowa Feb. 9, 2010) .................................................................................................6

E.E.O.C. v. CRST Van Expedited, Inc., 670 F.3d 897 opinion vacated and
superseded on reh'g, 679 F.3d 657 (8th Cir. 2012).........................................................6

E.E.O.C. v. CRST Van Expedited, Inc., 679 F.3d 657 (8th Cir. 2012) ............................ 6

Emmenegger v. Bull Moose Tube Co., 33 F. Supp. 2d 1127
(E.D.Mo.1998) .................................................................................................................9

Frazier v. IBP, Inc., C97-0023, 1999 WL 33655745, *10
(N.D. Iowa Feb. 2, 1999) ..................................................................................5

Frazier v. Iowa Beef Processors, Inc., 200 F.3d 1190
(8th Cir. 2000) ...................................................................................................5

Horzepa v. Dauski, 40 F. Supp. 476, 477 (E.D.N.Y. 1941) ..................................2

Jack Russell Terrier Network of N. California v. American Kennel Club, Inc.,
407 F.3d 1027, 1038 (9th Cir. 2005) ..............................................................3, 4

Jaramillo v. Burkhart, 999 F.2d 1241, 1246 (8th Cir. 1993) ................................1

Jones v. Nat'l Am. Univ., No. CIV 06-5075-KES, 2009 WL 2005293,
at *6 (D.S.D. July 8, 2009) ................................................................................9

Kaplan v. Mayo Clinic, 2011 WL 3837095 (D. Minn. 2011) ............................3,4

Maldonado v. Parasole, 66 F.R.D. 388, 390 (E.D.N.Y. 1975) ............................3

McDowell v. Safeway Stores, Inc., 758 F.2d 1293, 1294 (8th Cir. 1985) ...........8

Moore v. DaimlerChrysler Corp., No. 4:06CV757 CDP,
2007 WL 1445591, at *1 (E.D.Mo. May 11, 2007) ...........................................9

Penford Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 09-CV-13-LRR,
2011 WL 10088365, at *3 (N.D. Iowa Feb. 10, 2011) .......................................9

Perlman v. Feldmann, 116 F. Supp. 102, 110 (D. Conn. 1953) ...........................7

Reynolds v. Great N. Ry. Co., 206 F. 1003 (E.D. Wa. 1913) ...............................2

Sphere Drake Ins. PLC v. Trisko, 66 F. Supp. 2d 1088 (D.Minn. 1999) .............9

Vance v. Fall, 48 Iowa 364 (1878) .......................................................................2

Watson by and through Watson v. State Farm Mut. Auto Ins. Co.,
639 So. 2d 687 (Fla. Dist. Ct. App. 1994) .........................................................2

Wheatley v. Heideman, 102 N.W.2d 343 (1960) .................................................1

Wilson v. Glenn, 2009 WL 8656816 (Utah Dist. Ct. 2009) .................................2

Winter v. Novartis Pharm. Corp., No. 06-4049-CV-C-MJW,
2012 WL 3993623, at *4 (W.D.Mo. Sept.11, 2012) ............................................................. 7

Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir.1997) ........................................ 5

**Statutes:**

28 U.S.C. § 1821 ................................................................................................................. 10
28 U.S.C. § 1821(c)(1), (2) ................................................................................................. 10
28 U.S.C § 1821(c)(2) ......................................................................................................... 10
28 U.S.C. § 1821(c)(3) ........................................................................................................ 10
28 U.S.C. § 1821(d) ...................................................................................................... 10, 11
28 U.S.C. § 1920 ........................................................................................................... 6, 8, 9

**Other Authorities:**
Laura B. Bell, Taxation of Costs and Award of Expenses
in Federal Court, 101 F.R.D. 553, 561 (1984) ..................................................................... 3

United States General Services Administration, Per Diem Rates Look-Up,
available at http://www.gsa.gov/portal/category/100120 ..................................................... 1

**Rules:**

IA R 1.210 ............................................................................................................................. 1

Fed. R. Civ. P. 54(d)(1) ......................................................................................................... 3

# ARGUMENT

Plaintiff Security National Bank, as conservator of J.M.K., a minor, ("Plaintiff"), through its counsel of record, objects to the Bill of Costs of Defendant Abbott Laboratories.

## A. Plaintiff Security National Bank Cannot Be Taxed.

Plaintiff Security National Bank serves as the conservator for J.M.K., a minor, pursuant to the Order Appointing Conservator issued by the Iowa District Court in and for Woodbury County on January 7, 2011 in Court File No. GCPRO52050. Plaintiff brought suit on behalf of minor pursuant to Rule 17(c)(1)(C) of the Federal Rules of Civil Procedure.

A conservator is an officer or agent of the Court appointed to protect the rights of a minor. Rule 17(c) of the Federal Rules of Civil Procedure authorizes a conservator to bring suit on behalf of a minor. But as the representative of the minor's interests, a conservator is not the real party in interest under Iowa law. See IA R 1.210 (action of minor shall be brought by either conservator, guardian, or next friend); Wheatley v. Heideman, 102 N.W.2d 343, 354 (1960) (father who brought suit on behalf of minor daughter was not party in interest but "an aid to her to assert her rights, if any, against defendant"); Albee v. Winterink, 55 Iowa 184, 7 N.W. 497 (1880) (minor is real party in interest in action brought by next friend); see also Jaramillo v. Burkhart, 999 F.2d 1241,

1

1246 (8th Cir. 1993) ("In a diversity action, state law determines the issue of who is a real party in interest.").

Other courts have concluded that litigation costs cannot be taxed against a party serving in only a representative capacity. See Horzepa v. Dauski, 40 F. Supp. 476, 477 (E.D.N.Y. 1941) (guardian ad litem "is only a representative, appointed by the Court for the purpose of commencing the action," and is not responsible for costs unless especially charged therewith by order of the Court); see also Watson by and through Watson v. State Farm Mut. Auto Ins. Co., 639 So. 2d 687 (Fla. Dist. Ct. App. 1994) (limiting appellee's recovery of costs from minor plaintiff and not from plaintiff's father); Wilson v. Glenn, 2009 WL 8656816 (Utah Dist. Ct. 2009) (finding it is not reasonable to require guardians to take on the responsibility for the case when they are not a party and when guardian has not engaged in misconduct). Some older cases hold to the contrary. Reynolds v. Great N. Ry. Co., 206 F. 1003 (E.D. Wa. 1913); Vance v. Fall, 48 Iowa 364 (1878). Accordingly, Security National Bank objects to Defendants' taxation of costs against it as the conservator. The real party in interest in this case is J.M.K., a minor, and not Plaintiff as the conservator. To the extent there are any taxable costs by Defendant, such costs must be taxed against J.M.K. and cannot be taxed against Security National Bank.

**B.     The Court Should Exercise Its Discretion Not to Tax Costs Against J.M.K.**

Plaintiff objects to taxation of J.M.K. on the grounds that doing so would be inequitable and cruel due to J.M.K.'s indigency and the financial disparity between the

2

parties. Rule 54(d) provides that "[u]nless a federal statute, these rules, *or a court order provides otherwise, costs . . . should be allowed to the prevailing party.*" Fed. R. Civ. P. 54(d)(1). Courts interpret Rule 54(d) as presuming the recovery of costs to the prevailing party. Kaplan v. Mayo Clinic, 2011 WL 3837095 (D. Minn. 2011), citing 168th & Dodge, LP v. Rave Reviews Cinemas, LLC, 501 F.3d 945, 958 (8th Cir. 2007). Rule 54(d), however, confers broad discretion on a district court to deny costs to a prevailing party. See Blakley v. Schlumberger Tech. Corp., 648 F.3d 921, 930 (8th Cir. 2011).

To overcome the presumption of a cost award, the nonprevailing party must provide the Court "specific reasons explaining why . . . it would be inappropriate or inequitable to award costs." Kaplan, 2011 WL 3837095, *1, quoting, Jack Russell Terrier Network of N. California v. American Kennel Club, Inc., 407 F.3d 1027, 1038 (9th Cir. 2005). A court properly exercises its discretion to deny or reduce a prevailing party's costs when the nonprevailing party is indigent or when there is a significant financial disparity between the parties. Kaplan, 2011 WL 3837095, *2 (internal citations omitted); Laura B. Bell, Taxation of Costs and Award of Expenses in Federal Court, 101 F.R.D. 553, 561 (1984) ("The most common bases for denying costs to prevailing defendants have been the indigency of the losing plaintiff"), citing Badillo v. Central Steel & Wire Co., 717 F.2d 1160, 1165 (7th Cir. 1983) (presumption in favor of award may be overcome by showing of indigency); Maldonado v. Parasole, 66 F.R.D. 388, 390 (E.D.N.Y. 1975) ("[i]ndigency is a proper ground for denying costs in cases where there is a wide disparity of economic resources between the parties"); Cross v. General Motors,

3

721 F.2d 1152, 1157 (8th Cir. 1983) (limiting award of costs due to limited financial resources of party); Jack Russell Terrier Network of N. California, 407 F.3d at 1038 (lack of financial resources has been approved as proper ground for a denial of costs). A nonprevailing party must establish its inability to pay costs as well as its inability to pay costs in the future to support a denial of costs based on indigency. See Kaplan, 2011 WL 3837095, *2.

This Court should exercise its discretion under Rule 54(d) to deny Abbott's taxation of costs. J.M.K. is an indigent five-year-old child with significant medical challenges. She not only is unemployed, but also she will never be employed. She has no income. She has no assets. She is not receiving any governmental or other aid for which he could satisfy an award of costs to Defendant. Nor will J.M.K. be able to pay costs in the future. Her employment prospects are non-existent. If ever there was a case in which a prevailing party should be denied its award of costs due to the nonprevailing party's financial status, this is that case. To award Abbott its costs would result in a grievous inequity contrary to the administration of justice. Accordingly, this Court should exercise its discretion and deny Abbott's taxation of costs against J.M.K.

It would be equally inequitable to award Defendant its costs due to the significant financial disparity between the parties. J.M.K. is an insolvent five-year old with no income and no ability to generate any income ever. Abbott is a multi-national corporation with over $21 billion in net sales in 2013. To award Defendant its costs in this proceeding

4

would impose a substantial burden on J.M.K. that is contrary to the equity sought by Rule 54(d).

Finally, this Court should deny an award of costs to Defendant because the claims pursued by J.M.K. in this proceeding were only resolved after a vigorously argued nine-day jury trial. J.M.K.'s claims are well-founded and not frivolous. They were pursued in good faith.

C. **Plaintiff's Objection to Specific Costs.**

1. **Transcripts**

    a. **Depositions of Nontestifying Witnesses**

Generally, the cost of a deposition transcript is taxable if the deposition was reasonably necessary at the time it was taken and not purely investigative. Accordingly, costs may be taxed for depositions that are introduced into evidence, used for cross-examination or impeachment purposes, or were otherwise considered necessary to resolve the issues in the case. See Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir.1997); Frazier v. IBP, Inc., C97-0023, 1999 WL 33655745, *10 (N.D. Iowa Feb. 2, 1999) aff'd sub nom. Frazier v. Iowa Beef Processors, Inc., 200 F.3d 1190 (8th Cir. 2000). Necessity may be shown by the fact that a deposition is used in court or cited in a motion or brief. See Bunda v. Potter, C03-3102-MWB, 2006 WL 266513 (N.D. Iowa Jan. 31, 2006). Without such evidence, costs are typically not allowed in the absence of other evidence demonstrating the deposition's necessity. Id. at *7; see also Zotos v. Lindbergh

5

Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997); Amana Society, Inc. v. Excel Engineering, Inc., 2013 WL 427394 (N.D. Iowa Feb. 4, 2013).

Abbott claims $18,720 for deposition transcripts, including the transcripts of B. Barrett-Reis and Joseph Carlos, who did not testify at trial and whose depositions Abbott did not cite in its pretrial motions. Because Abbott has supplied no explanation of why these depositions were necessary, Plaintiff asks the district court to deny the $1,329 Abbott requests.

### b. Video Depositions of Megan Surber and Troy Kunkel

Abbott claims $910 each for video recordings of the depositions of Megan Surber and Troy Kunkel, neither of which was used at trial. Although the costs of video depositions are recoverable under 28 U.S.C. § 1920, see Craftsmen Limousine, Inc. V. Ford Motor Co., 579 F.3d 894 (8th Cir. 2009), costs for both a transcript and videotaping of a deposition are generally disallowed. See Amana Soc., Inc. v. Excel Eng'g, Inc., 10-CV-168-LRR, 2013 WL 427394 (N.D. Iowa Feb. 4, 2013) ("[T]he court finds that it would not be appropriate or in line with the plain meaning of 28 U.S.C. § 1920 to permit recovery for both a video recording and stenographic transcript of the same deposition."); E.E.O.C. v. CRST Van Expedited, Inc, 07-CV-95-LRR, 2010 WL 520564 (N.D. Iowa Feb. 9, 2010) vacated sub nom. E.E.O.C. v. CRST Van Expedited, Inc., 670 F.3d 897 opinion vacated and superseded on reh'g, 679 F.3d 657 (8th Cir. 2012) and vacated sub nom. E.E.O.C. v. CRST Van Expedited, Inc., 679 F.3d 657 (8th Cir. 2012) (explaining that 28 U.S.C. § 1920(2) provides for recovery of the costs of "printed *or* electronically

6

recorded transcripts"); see also Winter v. Novartis Pharm. Corp., No. 06–4049–CV–C–MJW, 2012 WL 3993623, at *4 (W.D.Mo. Sept.11, 2012) (ordering that losing party reimburse prevailing party for transcript costs but not for videotaping); Am. Guarantee & Liab. Ins. Co. v. U.S. Fid. & Guar. Co., No. 4:06CV655RWS, 2010 WL 1935998, at *2 (E.D.Mo. May 10, 2010) ("[I]t would be contrary to the plain language of § 1920 to allow [the prevailing party] to recover costs for both stenographic transcripts and video costs for the same depositions."). Although costs of both transcripts and videotaping may be taxed if it was believed at the time of the deposition that the witness would be unavailable to attend the trial, see Brown v. The McGraw-Hill Companies, Inc., 526 F.Supp.2d 950, 958 (N.D. Iowa 2007), Abbott has not attached supporting documentation explaining why a video deposition was necessary in this case. Accordingly, the district court should not permit recovery of the $1,820 in videotaping costs.

### c. Excessive Length of Depositions

In addition, to the extent that the court finds that Abbott's counsel June Ghezzi made objections lacking a good faith basis in law or fact, thereby impeding, delaying, and frustrating the fair examination of the deponent, the district court should disallow Abbott's fees for these depositions. See Perlman v. Feldmann, 116 F. Supp. 102, 110 (D. Conn. 1953) (noting that transcript is not taxable to the extent that prevailing party unreasonably prolonged deposition). Accordingly, Plaintiff requests that the Court defer ruling on the costs issue until it has determined whether to impose sanctions on defense counsel.

7

### d. Realtime Trial Transcripts

Finally, Abbott requests $4,318.65 in costs for realtime trial transcripts of all nine days of the trial. Like deposition transcripts, the district court may award costs for trial transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920; see McDowell v. Safeway Stores, Inc., 758 F.2d 1293, 1294 (8th Cir. 1985). Here, Abbott has not explained why realtime trial transcripts were necessary for it to make its case. Nor did it cite the transcripts in its January 13 motion for a directed verdict, in which it merely asserted without explanation that the court should grant a directed verdict for the reasons identified in its summary judgment motion "and now supported by the testimony in this case." Plaintiff therefore requests that the Court disallow Abbott's costs for trial transcripts. See McDowell, 758 F.2d at 1294 (rejecting defendant's argument that transcripts were necessary for preparing proposed findings of fact and conclusions of law where proposed findings and conclusions were based largely on trial exhibits); Brown, 526 F. Supp. 2d at 958 (declining to award costs for realtime trial transcripts apparently obtained for convenience of defendant's attorneys but unnecessary for use in case).

### 2. Copying Costs

Abbott claims $5,760 in copying costs for the following items:

(1) all unsealed pleadings and orders - electronic docket entries #1–153; (2) all sealed pleadings and orders; (3) courtesy copies of Abbott's pleadings provided to the Court and the Clerk of the Court; (4) plaintiff's electronically transmitted expert discovery responses; plaintiff's electronically transmitted document productions; (6) plaintiff's electronically transmitted expert discovery and reports; (7) third-parties' electronically transmitted productions of documents and medical records; (8) Abbott's electronically transmitted document productions; (9) Court

8

requested copies of the September 2013 trial's defense and joint exhibits; (10) Court requested copies of the January 2014 trial's defense and joint exhibits; (11) copies of all Exhibits, demonstratives, and impeachment materials for use during trial; (12) copies of all electronically transmitted fact witness depositions and exhibits; (13) copies of all electronically transmitted expert witness depositions and exhibits.

In support of these costs, Abbott attaches a spreadsheet from which—with the exception of the duplication fees connected to its FOIA requests—it is impossible to determine the purpose of the these costs. Like deposition transcripts, however, copying costs are recoverable only to the extent that they are "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Several district courts interpreted this to mean that they may tax only the costs of actually trying a case in the courtroom and have therefore refused to tax discovery-related copying costs, see, e.g., Jones v. Nat'l Am. Univ., No. CIV 06–5075–KES, 2009 WL 2005293, at *6 (D.S.D. July 8, 2009); Moore v. DaimlerChrysler Corp., No. 4:06CV757 CDP, 2007 WL 1445591, at *1 (E.D.Mo. May 11, 2007); Sphere Drake Ins. PLC v. Trisko, 66 F.Supp.2d 1088, 1093–94 (D.Minn. 1999); Emmenegger v. Bull Moose Tube Co., 33 F.Supp.2d 1127, 1133–34 (E.D.Mo.1998), or expenses incurred by a party in copying its own pleadings and motions for filing with the court, serving on opposing counsel, or transmitting to clients, see, e.g., Sphere Drake Ins. PLC v. Trisko, 66 F.Supp.2d 1088, 1093 (D.Minn.1999). And although the Northern District of Iowa has noted its disagreement with the "suggestion that there is an absolute bar to recovering costs for discovery-related copying," Penford Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 09-CV-13-LRR, 2011 WL 10088365, at *3 (N.D. Iowa Feb. 10, 2011),

9

the court has exercised its discretion to deny discovery-related copying costs. Id. at 4. In the absence of a cost breakdown of Abbott's copying expenses, Plaintiff asks the court to disallow these expenses.

### 3. Witnesses

Abbott also requests nearly four thousand dollars in witness fees, including car service, lodging, meals, and mileage fees.

Although Abbott can recover costs for its witnesses' travel fees, it may do so only in the amounts specified in 28 U.S.C. § 1821. Under this section, the taxable expenses of a witness may include (1) actual travel expenses if travel is by common carrier at the most economical rate reasonably available, 28 U.S.C. § 1821(c)(1), (2) the mileage allowance prescribed for federal employees if travel is by privately owned vehicle, 28 U.S.C § 1821(c)(2), and (3) charges for taxis and other miscellaneous expenses, 28 U.S.C. § 1821(c)(3). In addition, when an overnight stay is required witness expenses may include the lesser of the amount actually paid or the maximum per diem allowance for federal employees. See 28 U.S.C. § 1821(d); Amana Soc., Inc. v. Excel Eng'g, Inc., 10-CV-168-LRR, 2013 WL 427394, at *10 (N.D. Iowa Feb. 4, 2013) (calculating allowable lodging costs using federal per diem rate). For Sioux City, Iowa in January 2014, the federal per diem rate was $83. See United States General Services Administration, Per Diem Rates Look-Up, available at http://www.gsa.gov/portal/category/100120.

10

### a. Stanford Shulman

Abbott requests costs for transportation, one night's accommodations in Sioux City, and two days' attendance fees. Instead of the $100.57 Abbott requests for hotel costs, Plaintiff asks that the district court award only the $83 per diem rate for federal employees.

### b. Sharon Bottock

Bottock testified on January 14 and 15. Abbott requests costs for transportation and three nights' accommodations in Sioux City (January 12, 13, and 14). Because Bottock testified on only one of the days that she stayed in Sioux City, Plaintiff requests that the district court award costs for only two nights' lodging—$166 at the federal per diem rate. See Brown, 526 F. Supp. 2d at 956 (awarding two days' lodging costs where witness testified on only one of the five days he was present at defense table). In addition, Plaintiff is unable to determine from Abbott's exhibits whether Bottock's airfare from Phoenix to Omaha and back was the most economical rate available. In the absence of supporting documentation, Plaintiff asks that the district court disallow the $485.50 that Abbott requests for Ms. Bottock's airfare.

### c. Martin Wiedmann

Abbott requests hotel costs of $201.14 for two nights' accommodations in Sioux City for Wiedmann. Consistent with section 1821(d), Plaintiff requests that the district court award only $166.

11

D.  **Denial of Costs as a Sanction**

This Court issued an Order to Show Cause regarding sanctions. If the Court determines that sanctions are appropriate, Plaintiff requests that the sanction include denial of Abbott's request of costs.

LOMMEN, ABDO, COLE, KING & STAGEBERG, P.A.


Dated: February 20, 2014    BY /s/ Stephen C. Rathke
                            Stephen C. Rathke, I.D. No. 89771
                            2000 IDS Center
                            80 South 8th Street
                            Minneapolis, MN  55402
                            (612) 339-8131
                            FAX: (612) 339-8064

                            and

                            VRIEZELAAR, TIGGES, EDGINGTON,
                            BOTTARO, BODEN & ROSS, L.L.P.
                            Amanda Van Wyhe
                            Timothy Bottaro
                            613 Pierce Street/P.O. Box 1557
                            Sioux Ctiy, IA  51102
                            Phone:  (712) 252-3226

                            ***ATTORNEYS FOR PLAINTIFF***