IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| **THE SECURITY NATIONAL BANK OF SIOUX CITY, IOWA**, as conservator for J.M.K., a Minor,<br>　　　　PLAINTIFF,<br>　v.<br><br>**ABBOTT LABORATORIES**,<br>　　　　DEFENDANT | Case No. 5:11-cv-04017-MWB<br><br>**BRIEF IN RESPONSE TO SUPPLEMENTAL ORDER OF JANUARY 21, 2014 TO SHOW CAUSE** |

　　The Court on its own initiative raised the prospect of imposing post-trial sanctions against defense attorney June Ghezzi ("defense counsel"), an experienced and well-respected partner from Jones Day, for evidentiary objections and what it deemed interruptions on the record during certain depositions. (1/21/14 Supp. Order to show cause ("Order"), Dkt. 176.) The Court raised the issue solely under Federal Rule of Civil Procedure 30(d)(2). Plaintiff's own veteran and able counsel, Stephen Rathke, never objected in any deposition to defense counsel's objections or conduct, and thus under Rule 32(c)(2) plaintiff itself waived any such objection. Moreover, plaintiff's counsel never claimed at any time that defense counsel in any way impeded, delayed, or frustrated a fair examination of any deponent. When the Court raised this issue for the first time one week before trial, after the January 21 Order was entered after trial, and most recently when the Court asked whether plaintiff's counsel wished to participate in a hearing on the matter, plaintiff's attorney declined to get involved or to criticize defense counsel's conduct in any way. (*See* 6/9/14 Order Setting Brief Deadline and Hearing Date, Dkt. 199 ("Opposing counsel has indicated that they do not wish to participate in the hearing.").) This is telling proof that the fair examination of witnesses was not impeded, obstructed, or frustrated. Indeed, in the two depositions cited in the Order, plaintiff's counsel used roughly half of the seven hours that

the Rules allotted him, and never sought more deposition time with any witness. The evidence further shows that the two opposing counsel were professional and courteous to one another throughout this highly contested lawsuit and that plaintiff's counsel appreciated clarifications on the record whether through defense counsel's explanations or questioning of the witness.

Equally important, with plaintiff's counsel having made no objection during any deposition regarding defense counsel's objections or other conduct, defense counsel received no indication that there was an issue and no opportunity to discuss and potentially resolve any issue with plaintiff's counsel during the depositions. Under Rules 30 and Rule 32, the parties' attorneys are to voice objections and point out errors or irregularities during the deposition so that they can be cured or attempted to be cured at that time. This applies to the person asking the questions that are objected to as well as to the defending attorney. For example, plaintiff's counsel requested that defense counsel reserve clarifying questions until the end of the deposition, rather than asking them pursuant to the parties' practice and expectation that they could be interjected in context, defense counsel could have reserved such questions until the end of the deposition. So too, discussions to clarify exhibits or any irregular or misleading questions could have been held between counsel off the record and out of the earshot of the witness. But, no complaint or concern was ever raised, and the depositions proceeded apace and ended within plenty of time for more questioning if plaintiff's counsel felt more was necessary to fairly examine a witness.

Despite plaintiff's counsel having found no cause to object, complain, or file a motion for sanctions, the Court has already taken action regarding the deposition objections by overruling all of them wholesale. (*See* 1/9/14 Tr. Trans., Dkt. No. 197, at 664:20-21; 12/30/13 Court email ruling.) Furthermore, the Court ordered defense counsel personally to go over each objection

and to submit in writing to the Court an explanation of the good faith basis for each of her objections and comments in two of the depositions, a task which took, not surprisingly, many hours to perform. (Order, Dkt. No. 176, at 2-4.)

The Court itself questioned whether it has authority to sanction defense counsel *sua sponte* under Rule 30(d)(2), the sole rule invoked here -- particularly when the plaintiff did not complain of the conduct during any deposition or move for court intervention or for sanctions. (*See id.* at 4 (citing to Fed. R. Civ. P. 30(d)(2)).) Rule 30 itself does not provide such authority, and extensive and exhaustive review of the case law from all jurisdictions on this issue did not uncover a single case where a federal court sanctioned a party or counsel under Rule 30(d)(2) without an aggrieved party having sought relief from the court in some fashion (and certainly no instance of this happening post-trial).

Even if the court had the authority to enter sanctions *sua sponte* under Rule 30(d)(2) and the plaintiff had not waived that recourse, sanctions would still be inappropriate. Of course, the Court might well disagree with defense counsel's deposition style, and the parties' manner of conducting the depositions in this case, but the parties established their own manner of what worked for them, and "interruptions" for questioning or clarification by defense counsel were part of that protocol. (Resp., Dkt. 193.) Hence, plaintiff's counsel is not interested in participating in this matter now and did not complain at the time. Defense counsel's submission set forth the good faith basis for her objections and other record statements, and that submission remains unrefuted. The undersigned respectfully submit that it would abuse the Court's discretion to issue any sanction for conduct that the opposing party did not believe impeded a fair examination of a witness. This is particularly true when the parties' practice developed during

this case, and other similar cases in which plaintiff and defense counsel opposed each other, allowed for such participation.

Finally, any sanction, no matter the degree, against a lawyer is a very serious matter with serious consequences, particularly when the lawyer appears in jurisdictions outside his or her own state. This Court should not enter sanctions because none would be appropriate so long after the depositions and even the trial, particularly given the actions that the Court has taken already. The Court overruled each one of the deposition objections thus admitting any deposition testimony plaintiff chose to read into the trial record, and required defense counsel to spend many hours after trial explaining in writing to the Court the bases for objections and other statements on the deposition record to which the Court, but not the plaintiff, took exception.

I.     THE COURT CANNOT ISSUE SANCTIONS, *SUA SPONTE*, UNDER RULE 30(d)(2).

Both the original and supplemental orders to show cause refer to possible sanctions only under Rule 30(d)(2). The Court never mentioned another rule, a statutory provision, or its inherent power. Thus, this response addresses the question the Court posed under Rule 30(d)(2). In its December 30, 2013 e-mail, the Court properly asked "whether I have the authority" to issue, *sua sponte*, a sanction under Rule 30(d)(2). The answer is: the Rule does not give the Court such authority, certainly not under the circumstances presented here where counsel for both parties were content to proceed with the protocol that they had developed in prior cases and this one. Neither the Rule's express language nor its purpose supports a court's *sua sponte* sanction, particularly without complaint from opposing counsel and many months after the depositions were taken and discovery had closed.

Unlike Rules 11(c)(3), 16(f)(1), and 26(g)(3), Rule 30(d) does not expressly grant the Court the authority to issue a sanction on its own initiative. Rule 30(d)'s omission of this

language, which is included in other rules, is significant. *See Russello v. United States*, 464 U.S. 16, 23 (1983) ("When Congress includes a specific term in one section of a statute but omits it in another section of the same Act, it should not be implied where it is excluded."). Indeed, no instance was found, in the more than 600 opinions about Rule 30(d)(2) sanctions reviewed, of a court entering sanctions under Rule 30(d)(2) without a party raising the issue with the court either formally or informally.[1] This is not surprising as depositions are conducted without judicial intervention, and hence Rule 30(d)(2) leaves it to the deposition participants, if they believe court intervention or some sanction is warranted, to bring the matter to the court for resolution. That is the adversarial process at work, and Rule 30(d) contemplates that a court will only get involved if one of the parties so requests.

With no clear authority to enter sanctions on its own under Rule 30(d)(2), the Court should not enter sanctions against defense counsel here.

## II. SANCTIONS UNDER RULE 30(d)(2) ARE INAPPROPRIATE WHEN PLAINTIFF'S COUNSEL NEVER OBJECTED TO, OR COMPLAINED AT ALL ABOUT, THE ISSUES THAT THE COURT LATER RAISED.

### A. The Court Should Not Sanction Defense Counsel When the Plaintiff, the Only Conceivably Aggrieved Party, Waived Any Right To Seek Such Relief.

Plaintiff's counsel waived any objection to defense counsel's "conduct" by not objecting at a single deposition – neither in the two depositions that the Court included in its Order nor in any of the deposition designated for trial. Under Rule 30(c)(2), any objection to an attorney's "conduct" must be made "at the time of the examination" and "on the record" and, if not so made,

---

[1] The 600 Rule 30(d)(2) opinions are too numerous to cite here. Every reported case from the Northern District of Iowa and the Eighth Circuit involved opposing counsel moving for sanctions. *See, e.g.*, *Craig v. St. Anthony's Med. Ctr.*, 384 F. App'x 531, 532-33 (8th Cir. 2010) (per curiam) (defense counsel moved for sanctions against plaintiff's counsel); *Van Pilsum v. Iowa State Univ. of Sci. & Tech.*, 152 F.R.D. 179, 180-81 (S.D. Iowa 1993) (defendant filed motion to compel and for sanctions against plaintiff's counsel); *Rakes v. Life Investors Ins. Co. of America*, No. C06-0099, 2008 WL 429060, at *5 (N.D. Iowa Feb. 14, 2008) (plaintiff's counsel filed motion for sanctions against defense counsel).

5

Case 5:11-cv-04017-MWB   Document 200   Filed 07/09/14   Page 5 of 14

is waived pursuant to Rule 32(d)(3)(B). With his over 40 years of litigation experience and concentration in personal injury lawsuits,[2] plaintiff's counsel certainly knew how to object to, and attempt to curtail, anything that he perceived to be "frivolous" objections, improper "coaching" or "excessive interruptions." His experience suggests that he would have known to voice an objection or even a concern at the time, and he undoubtedly was familiar with the practice of terminating a deposition and seeking a protective order for conduct he thought was impeding his examination. This is literally the textbook procedure:

> When either counsel engages in improper conduct, such as hurling accusations, arguing, or lecturing witnesses or opposing counsel, opposing counsel's proper response is to enter an objection on the record. If necessary, counsel may proffer information into the record, as would be permitted in court. If the improper conduct does not cease, counsel may suspend the deposition to seek a protective order from the court.

7-30 Moore's Federal Practice - Civil § 30.43 (2004). Plaintiff's counsel did none of these things.

Rule 32's express waiver provision is consistent with the mandates set forth in both Rules 30 and 32 that a party must object to allow the opposing parties the opportunity to correct every potential error at the time of the deposition. *See Bahamas Agric. Indus. v. Riley Stoker Corp.*, 526 F.2d 1174, 1180-81 (6th Cir. 1975) ("The focus of [Rule 32] is on the necessity of making the objection at a point in the proceedings where it will be of some value in curing the alleged error in the deposition."). Here, in the absence of any objection or complaint from plaintiff's attorney about "frivolous" objections, improper "coaching," or "excessive interruptions," there was no reason for defense counsel to believe that her participation would be viewed as

---

[2] *See* http://www.minnesotamedicalmalpractice.com/attorney/stephen-rathke.php (last visited June 24, 2014).

"obstructionist," particularly because she believed that in many such places she was facilitating and helping move the deposition forward. (Resp., Dkt. No. 193, at 17-19, 21-23, 25, 27, 29.) Had plaintiff's counsel objected or voiced some concern, counsel for the parties could have discussed it and attempted to resolve any issue then. For instance, questions could have been reserved until the end of plaintiff's questioning (which would have left plaintiff's counsel struggling to figure out his misconception about an exhibit or some testimony and resulted in a protracted and confused deposition. But that was not the protocol developed by the parties over many depositions. Nor was there any suggestion between the parties that objections consistent with the rules of evidence – regardless of the number of objections made – were inappropriate. Had plaintiff's counsel expressed such a concern, the parties could have, and no doubt would have, tried to resolve that concern or taken it up with the magistrate judge at the time.

Accordingly, even if plaintiff had filed a Rule 30(d)(2) motion for sanctions on December 30, 2013, when the Court first raised an issue about the depositions, the motion would have been denied because plaintiff had waived the issue by not objecting in any deposition. *See, e.g.*, *Bahamas Agric. Indus.*, 526 F.2d at 1180-81 ("It is important that objections be made during the process of taking the deposition, so that the deposition retains some use at the time of trial; otherwise counsel would be encouraged to wait until trial before making any objections, with the hope that the testimony, although relevant, would be excluded altogether because of the manner in which it was elicited."). As Rule 32 makes clear, any conduct that could have been cured during the deposition must be objected to at the time, or else it is waived. *See* Fed. R. Civ. P. 32(d)(3)(B). In the absence of clear authority, the Court should not enter sanctions that the Rules would have precluded plaintiff itself from seeking.

### B. Plaintiff's Lack of Objection Is Telling and Supports Defense Counsel's Uncontradicted Position Regarding How the Depositions Were Conducted.

Plaintiff's lack of objection or concern during the depositions, the lack of any motion under Rule 30 at any stage of the case, and the non-participation in the Court's January 21 Order demonstrate that plaintiff's counsel did not perceive defense counsel's deposition conduct as impeding a fair examination or obstructing any deposition in any meaningful way. He clearly did not believe defense counsel was violating any rule or committing any sanctionable act. Defense counsel's conduct and plaintiff's counsel's acquiescence also reflect the very experienced attorneys' developed protocol on how to conduct their depositions. Anthony J. Anscombe, who litigated infant formula manufacturing cases against Mr. Rathke and others, describes in his declaration that plaintiffs' counsel in the infant formula manufacturing cases have routinely agreed that defendants' counsel could (i) ask questions during the plaintiff's examination of witnesses, (ii) ask plaintiff's counsel to clarify questions, and (iii) rephrase questions to ensure accuracy and avoid misleading answers of technical information. (Declaration of Anthony J. Anscombe ("Anscombe Decl."), attached to Resp. to Suppl. Order of Jan. 21, 2014, Dkt. 193.) As explained to the Court during trial with plaintiff's counsel present (1/8/14 Tr. Trans., Dkt. No. 196, at 325:9-332:25), as well in defense counsel's submission on April 21, 2014 (Resp., Dkt. No. 193), the parties conducted depositions in a way that actually expedited, rather than impeded, the process. It may not be the way that all parties would agree on, but it worked for the parties in this case. Again, plaintiff's acquiescence in this account supports defense counsel's contention that there was no effort to impede, delay, or frustrate the fair examination of any deponent.

### III. EVEN IF THE COURT HAD AUTHORITY TO ENTER SANCTIONS *SUA SPONTE* UNDER RULE 30(d)(2) AND IF THE RIGHT TO SEEK SANCTIONS HAD NOT BEEN WAIVED, SANCTIONS WOULD STILL BE INAPPROPRIATE BECAUSE DEFENSE COUNSEL DID NOT VIOLATE THE RULE 30(d)(2) STANDARD.

Even if the Court had the authority to sanction *sua sponte* under Rule 30(d)(2) and if plaintiff had not waived the right to seek that recourse, defense counsel's conduct still does not meet the Rule's standard for sanctions. The standard under Rule 30(d)(2) is whether the person facing sanctions "impede[d], delaye[d] or frustrate[d] the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). First, neither the Federal Rules nor the Northern District of Iowa Local Rules permit *only* objections to the form of questions. Indeed, the Federal Rules expressly *permit* objections "to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition," Fed. R. Civ. P. 30(c)(2), and *require* them when they relate to "the manner of taking the deposition, the form of a question or answer, the oath or affirmation, a party's conduct, or other matters that might have been corrected at th[e] time" of the deposition, *id.* 32(d)(3)(B). Nor do the Rules preclude attorneys from talking to opposing counsel or the witness in order to facilitate the questioning or avoid misunderstandings, particularly absent any objection by counsel. The kind of exchanges at issue here – some concededly beyond mere objections to form – can help avoid confusion or the waste of time, as opposed to impeding, delaying, or frustrating the deposition. Notably, in the two depositions cited in the Order, there was not a single argument between counsel, plaintiff's very experienced counsel never objected (at the deposition or afterwards), and he never indicated in any way that defense counsel was impeding, delaying, or frustrating any deposition.

#### A. Defense Counsel's Objections to Form Were Proper.

The general practice in Iowa for objections to the form of a question is to provide more than merely the statement "objection to form;" defending attorneys should provide enough

information in their objections to permit the questioning attorney to cure the defect. *See Rakes v. Life Investors Ins. Co. of Am.*, No. C06-0099, 2008 WL 429060, at *5 (N.D. Iowa Feb. 14, 2008). Familiar objections to the form of a question include, but are not limited to: lack of foundation; calls for speculation or an expert's opinion; assumes facts not in evidence; misstates the witness's testimony; overly broad; confusing; vague; misleading; not in the form of a question; argumentative; and asked and answered. Defense counsel's response to the Order establishes that her objections to form were among these proper objections, and she was able to explain the good faith basis for each of her objections, the protocol that the parties had established, and the intention of moving the process along. That the Court overruled all the objections, of both parties in every deposition designated, does not mean that they were made in bad faith or are in any way sanctionable.

B. **The Remaining Conduct Noted in the Court's Orders Is Not Sanctionable.**

Defense counsel's objections and statements that the Court has highlighted do not approach the kind of conduct that the Eighth Circuit or Northern District of Iowa has found sanctionable under Rule 30(d)(2). *See, e.g.*, *Craig*, 384 F. App'x at 532-33 (holding, on the opponent's motion, that counsel should be sanctioned because he was continually argumentative, "engaged in private and off-the-record conversations with his client," and "instructed his client to refuse to answer questions," among other things). That conduct did not occur here. Here, all of the depositions that defense counsel defended were completed in under seven hours, and most were completed in half that time, with no need for plaintiff's counsel to seek more time for additional testimony from any deponent. On some occasions, plaintiff's counsel pointedly acquiesced to the objections made (such as when he was attempting to get a purely fact witness to testify as a Rule 30(b)(6) witness which he knew was outside the lines (Resp., Dkt. 193, at 10,

11, 15)). And, in other instances, he was openly appreciative of the clarifications made in connection with exhibits and his questioning. (*Id.* at 19; Bottock Dep. Trans. at 38-39.)

Nor did the depositions involve unprofessional conduct. Defense counsel's objections were not argumentative or vituperative. There was no open hostility, incivility, or even a single argument between counsel. *Contrast, e.g.*, *GMAC Bank v. HTFC Corp.*, No. 06-5291, 2008 U.S. Dist. LEXIS 15878 (E.D. Pa. Feb. 29, 2008) (noting that counsel repeatedly swore, impeded the deposition, and smirked at opposing counsel); *Freeman v. Schointuck*, 192 F.R.D. 187, 190 (D. Md. 2000) (imposing sanctions for attorney's "unprofessional conduct" during a deposition, including disparaging comments to both opposing counsel and the witness). Indeed, the depositions were professional and collegial on all levels. (Resp., Dkt. No. 193, at 4.) Even the Court acknowledged defense counsel's competence and the lawyers professionalism:

> In the 20 years I've been a trial court judge, I don't think I've had lawyers as well prepared that have worked as hard as they possibly can and that were so incredibly professional and worked well with each other for the most part. I mean, this is a highly contested case, but you were very, very professional in working with each other and very, very professional in working with me. So I just hope the clients appreciate how hard the lawyers have worked on their behalf.

(1/16/14 Tr. Trans. (Realtime version) pg. 97, attached as Ex. A.) This very same professionalism and ability to advocate on behalf of their clients without resorting to rancor, vituperation or incivility is precisely what one sees in the depositions in question.

And, as described in defense counsel's factual submission (Dkt. 193), the Court should consider the context of the depositions. The case involved highly technical documents and testimony concerning scientific processes and manufacturing. As defense counsel's uncontradicted submission explains, plaintiff's counsel often misunderstood what terms meant, what numbers referred to, how reports should be read, and other technical information, and the

parties agreed that clarifications and elucidations could be made at the time of plaintiff's questioning. (Dkt. 193 at 17-19, 21-23, 25, 27, 29.) Thus, the parties' practice was to permit defense counsel to clarify this technical information, including asking corrective questions, all in an effort to help the depositions proceed and to provide clarity. (Resp. at 4; Anscombe Decl. ¶ 4.) Federal Rule of Civil Procedure 29, in fact, provides that depositions can be taken in any manner the parties specify: "Unless the court orders otherwise, the parties may stipulate that: (a) a deposition may be taken . . . in the manner specified . . . ." Although here the parties did not have a written stipulation (and the Rule does not expressly require one), they clearly, mutually decided that the depositions could and would proceed in the manner that they did. (*Id.*)

IV. **NO POST-TRIAL SANCTION IS APPROPRIATE AS THE COURT ALREADY OVERRULED ALL DEPOSITION OBJECTIONS AND SUBSEQUENTLY COMPELLED A WRITTEN SUBMISSION OF THE GOOD FAITH BASIS FOR MANY OF DEFENSE COUNSEL'S OBJECTIONS IN TWO OF THE DEPOSITIONS.**

The Court had already overruled for trial all of the deposition objections under review and compelled defense counsel to respond after the trial to the Order with no assistance, or else accept sanctions without responding. (*See* 1/8/14 Tr. Trans. at 325:19-326:12; 328:23-330:3.)

Additional actions in the form of sanctions would not serve any of the stated purposes of sanctions imposed under Rule 30, which include ensuring a party will not benefit from its own failure to comply with the rules of discovery and compensating opposing counsel for any time spent pursuing the sanctions and/or reopening depositions that were improperly taken. The Court already struck all objections in these depositions and deemed that testimony usable at trial. As a result, the defense was already stripped of any benefit of these objections (although plaintiff chose not to use at trial either of the depositions cited in the Order). And, as counsel has filed no motion, and there is no reason to reopen any of these depositions, sanctions are not appropriate here.

## V. CONCLUSION

Even if the Court had authority to enter sanctions *sua sponte* under Rule 30(d)(2) and if the right to seek sanctions had not been waived by plaintiff's counsel's failure to object, sanctions against defense counsel still would be inappropriate. The objections and defense of the depositions do not meet the Rule's standard permitting sanctions only when a lawyer was truly obstructionist by "imped[ing], delay[ing] or frustrat[ing] the fair examination of the deponent." Plaintiff has never argued that the fair examination of any deponent was not had or that fair examination was impeded, delayed or frustrated. For the foregoing reasons, the Court should not enter any sanctions against defense counsel and should terminate this proceeding.

Dated: July 9, 2014

s/ Daniel E. Reidy
Daniel E. Reidy
June K. Ghezzi
JONES DAY
77 West Wacker Dr., 35th Floor
Chicago, IL 60601-1692
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

John C. Gray (AT0002938)
 John.Gray@heidmanlaw.com
Jeff W. Wright
 Jeff.Wright@heidmanlaw.com
HEIDMAN LAW FIRM, LLP
1128 Historic Fourth Street
P.O. Box 3086
Sioux City, IA 51102-0386
Telephone: (712) 255-8838
Facsimile: (712) 258-6714

ATTORNEYS FOR DEFENDANT
ABBOTT LABORATORIES

**CERTIFICATE OF SERVICE**

    I, Daniel E. Reidy, certify that on the 9th day of July 2014, I served the foregoing via electronic delivery to all parties that have filed an appearance in this matter at their e-mail addresses on file with the Court.

**Stephen C. Rathke**
**Kate Westad**
LOMMEN ABDO
ISD Center, Suite 2000
80 S. Eighth Street
Minneapolis MN  55402

**Timothy Bottaro**
**Amanda Van Wyhe**
VRIEZELAAR, TIGGES, EDGINGTON, BOTARRO, BODEN & ROSS, L.L.P.
613 Pierce Street
P.O. Box 1557
Sioux City IA  51102

                                        s/     Daniel E. Reidy